IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LOVELY SKIN, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>ISHTAR SKIN CARE PRODUCTS, LLC,<br><br>  Defendant. | No. CV: 8:10-cv-87<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

Pursuant to Rules 8 and 13 of the Federal Rules of Civil Procedure, Defendant Ishtar Skin Care, LLC ("Ishtar") hereby files its Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by Plaintiff Lovely Skin, Inc. ("Lovely Skin").  Ishtar answers as follows:

### JURISDICTION AND VENUE

1. Ishtar is without sufficient information to form a belief as to the allegations in Paragraph 1 of the Complaint and on that basis denies all allegations therein.

2. Ishtar's principal place of business is Porter Ranch, CA.  Otherwise, Ishtar admits this allegation.

3. Ishtar denies that it is subject to general or personal jurisdiction in Nebraska.  Otherwise, Ishtar admits this allegation.

### COUNT 1 – TRADEMARK INFRINGEMENT

4. Ishtar incorporates by reference its answers to paragraphs 1 through 4 of the Complaint as if fully set forth herein.

5. Ishtar is without sufficient information to form a belief as to the allegations in Paragraph 5 of the Complaint and on that basis denies all allegations therein.

6. Ishtar denies that Lovelyskin.com is distinctive. Otherwise, Ishtar is without sufficient information to form a belief as to the remaining allegations in Paragraph 6 of the Complaint and on that basis denies them.

7. Ishtar denies that the trademark registration or its website are "incontestable." Ishtar admits that Lovely Skin is the purported owner of certain registrations on the Supplemental Register and the Principal Register but contests their validity. Ishtar otherwise denies the remaining allegations in this paragraph.

8. Ishtar admits that it operates a business at the URL http://www.livelyskin.com. Ishtar further admits that the complaint attaches a printout of what appears to be a single page from Ishtar's website. Ishtar otherwise denies the remaining allegations in this paragraph.

## COUNT II – COMMON LAW, UNFAIR COMPETITION

9. Ishtar incorporates by reference its answers to paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10. Ishtar denies this allegation.

## COUNT III – UNFAIR COMPETITION

11. Ishtar incorporates by reference its answers to paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Ishtar denies this allegation.

## COUNT IV – INJURY TO BUSINESS REPUTATION

13. Ishtar incorporates by reference its answers to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14.     Ishtar denies this allegation.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

This action is barred by the doctrine of unclean hands because Lovely Skin, or persons authorized to act on its behalf, have attempted to divert users away and profit from Ishtar's website by purchasing "lively skin" and "livelyskin.com" as keywords on the Google search engine.  In spite of this willful conduct, Lovely Skin asserts that Ishtar's conduct is likely to cause confusion with Lovely Skin and its services.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks valid, superior trademark rights in the terms or phrases "LovelySkin" or "LovelySkin.com" because those terms are descriptive and had not acquired secondary meaning at the time they were registered, nor have they acquired secondary meaning prior to Ishtar's first use of its name and URL livelyskin.com

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged injury as it coexisted with Ishtar for approximately five years without ever having contacted Ishtar.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of laches because of Plaintiff's delay in filing suit and the resulting prejudice to Ishtar.  For nearly five years prior to Plaintiff's lawsuit, Ishtar used the URL www.livelyskin.com in commerce for its business.  Upon information and belief, Plaintiff has long known of Ishtar's website, having purchased the terms "Lively Skin" and

"livelyskin.com" as keywords on the Google search engine. By virtue of Plaintiff's delay and its claim for damages, Ishtar has suffered prejudice.

## FIFTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of estoppel. Plaintiff is estopped from bringing this action and asserting these theories of recovery on the basis of Plaintiff's wrongful conduct and delay as described above.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish it has the exclusive right to the alleged trademarks which are the subject of the Complaint and, on that basis, is precluded from asserting the theories of recovery set forth in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish, and cannot legally establish, that Plaintiff's proprietary rights preclude Defendant from operating its business and using its trademarks, trade names and service marks as currently used.

## COUNTERCLAIMS

1.Counterclaimant, Ishtar Skin Care Products LLC ("Ishtar"), a California limited liability company with a principal place of business at 20410 Via Botticelli, Porter Ranch, California, is the Defendant in this action.

2.The Counterclaim defendant, Lovely Skin, Inc. ("Lovely Skin"), is the Plaintiff in this action.

3.Subject matter jurisdiction for these Counterclaims is based upon federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338, and under 15 U.S.C. §§ 1119, 1120 and 1121, as these Counterclaims arise under the Lanham Act, 15 U.S.C. § 1051 et. seq. Subject matter

jurisdiction is also based upon diversity jurisdiction under 28 U.S.C. § 1332, as these Counterclaims involve citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Pursuant to the Court's November 15, 2010 Order denying Ishtar's motion to dismiss for lack of jurisdiction, venue lies within this district under the provisions of 28 U.S.C. § 1391.

5. An actual case or controversy exists by virtue of Lovely Skin's allegations in the Complaint that Ishtar is violating Lovely Skin's purported rights in its claimed trademark LOVELY SKIN and LOVELY SKIN & Design.

## COUNT I
### Cancellation of U.S. Reg. 2998098 for LOVELY SKIN (stylized)

6. Ishtar is a home-based business that sells skin care products through an internet store that can be found at www.livelyskin.com.

7. Ishtar has been selling skin care and cosmetic products online since 2005 and does business solely under the name "LivelySkin.com."

8. Upon information and belief, Plaintiff Lovely Skin operates a website at www.lovelyskin.com on which it sells skin care and cosmetic products, including its own branded products, and also offers dermatological advice, among other services.

9. Lovely Skin's complaint relies in part on its ownership of U.S. Registration Nos. 2998098 and 3253791. That complaint asserts that one or more of Lovely Skin's registrations is incontestable.

10. Lovely Skin previously owned Registration No. 2450317 for the mark LOVELY SKIN (Stylized) on the Supplemental Register covering "skin care products, namely, eye creams, face creams, skin moisturizers, facial and body lotions, skin cleansers and toners, facial rinses,

and essential oils for personal use" in International Class 3.  That registration was cancelled under Section 8 of the Trademark Act for failure to file a Declaration of Continued Use.

11.	On August 3, 2004, Registrant filed an application to register the same mark, LOVELY SKIN (Stylized), on the Principal Register for the same goods in International Class 3, this time claiming acquired distinctiveness under Section 2(f) of the Trademark Act based on an allegation of substantially exclusive and continuous use in commerce for at least the five years immediately before the date of filing the application.  Registrant claimed use dating back to July 1, 1999.  This application eventually matured to registration on September 20, 2005 under Registration No. 2998098, and is one of the two registrations subject to Ishtar's Counterclaims.

12.	Marks registered on the Supplemental Register, or on the Principal Register under a claim of Section 2(f) acquired distinctiveness, are descriptive.  Therefore, Registration No. 2998098 for LOVELY SKIN is considered descriptive and the fact that the registration was registered on the Principal Register under a claim of acquired distinctiveness is a concession by Lovely Skin that the mark is not inherently distinctive.

13.	The two words that comprise Lovely Skin's mark are used to describe the general category of goods and services that Lovely Skin offers.  Specifically, the Merriam-Webster Online Dictionary defines "LOVELY" as "delightful for beauty, harmony, or grace: ATTRACTIVE."  Attached as Exhibit A is a true and correct copy of this dictionary listing.

14.	The Merriam-Webster Online Dictionary also defines "SKIN" as "the external limiting tissue layer of an animal's body, especially: the 2-layer covering of a vertebrate body consisting of an outer dermis and an inner dermis."  Attached as Exhibit B is a true and correct copy of this dictionary listing.

15. When combined together, these two descriptive terms create a phrase that is primarily merely descriptive of the goods and services offered by Lovely Skin, namely, goods and services designed to provide the customer with a means of obtaining lovely or attractive skin.

16. The basis for Lovely Skin's Registration No. 2998098 for LOVELY SKIN (Stylized) on the Principal Register was a claim of acquired distinctiveness under Section 2(f) based on substantially *exclusive* and continuous use of the mark in commerce for at least the five years immediately before the date of filing the application.

17. Upon information and belief, Lovely Skin did not have substantially exclusive use of the highly descriptive terms LOVELY SKIN in commerce for five years prior to its claim of acquired distinctiveness in Registration No. 2998098.

18. The internet is replete with websites offering products and services for obtaining or maintaining "lovely skin." For example, the website www.etsy.com offers a product for sale called "Lovely Skin Facial Serum," available at www.etsy.com/listing/24786819/lovely-skin-facial-serum-with-dmae-and. Attached as Exhibit C is a true and correct copy of a printout of this website.

19. Veno Lase, a laser treatment center offers services under the name "Lovely Skin" and states that "Lovely skin is within your reach." See www.venolase.com/lovely-skin.htm. Attached as Exhibit D is a true and correct copy of a printout of this website.

20. There is a page on the popular social networking website Facebook® for The Lovely Skin care, devoted to providing health and beauty tips and fashion trends. See http://www.facebook.com/pages/The-Lovely-Skin-care-/275256995615?v=wall. Attached as Exhibit E is a true and correct copy of a printout of this page on Facebook®.

21.     Lovely C. Israel, is a nurse/aesthetician, who offers skin care treatment under the name "Skin by Lovely" and has a website at www.skinbylovely.com.  Attached as Exhibit F is a true and correct printout of this websites.

22.     There are also many websites that offer advice on obtaining lovely skin.  For example, a website called "LA-Story" has an article entitled "Secrets of the Red Carpet: Getting Lovely Skin from Skin by Lovely and VI Peel," available at http://www.la-story.com/spas_and_treatments/secrets_of_the_red_carpet_getting_lovely_skin_from/.  The website "HealthMad" features an article advising "How to Have Lovely Skin Naturally," available at http://healthmad.com/beauty/how-to-have-lovely-skin-naturally/.  The website "ecofabulous" has promoted the product "Skin & Bones" under an article titled "For Lovely Skin & Bones," available at http://ecofabulous.com/ecobeauty/for-lovely-skin-bones/.  The website "Tell Me How" offers advice on "How to Get Lovely Skin and a Smooth Bottom," available at www.tellmehowto.net/howto/get_lovely_skin_and_a_smooth_81.  The website "eHow" has a page offering advice on "How to Have Lovely Skin with Chocolate Massages," at http://www.ehow.com/how_2225408_have-lovely-skin-chocolate-massages.html.  The website "Articlebases" has an article entitled "Secrets of Having Lovely Skin in Your Teens," available at http://www.articlesbase.com/acne-articles/secrets-of-having-lovely-skin-in-your-teens-2714218.html.  The website "Beyond Jane" offers advice on "How to stay beautiful and have a lovely skin," available at http://beyondjane.com/beauty/skin/how-to-stay-beautiful-and-have-a-lovely-skin/.  The website "Zimbio" has an article entitled "Making Lovely Skin Tone with Cosmelan Peel" available at

http://www.zimbio.com/Beauty+Products+and+Tips/articles/qUEsyY6396K/Making+Lovely+S

8

kin+Tone+Cosmelan+Peel.  Attached as Exhibit G are true and correct printouts of all of the foregoing websites.

23.     Based on these examples, it is clear that the term "Lovely Skin" is merely a descriptive term of the goods and services that Lovely Skin offers, and that use by Lovely Skin of LOVELY SKIN is not substantially exclusive.

24.     As Section 1212.01 of the Trademark Manual of Examining Procedure states, "[t]he amount and character of evidence required to establish acquired distinctiveness depends on the facts of each case and particularly on the nature of the mark sought to be registered. … Typically, more evidence is required where a mark is so highly descriptive that purchasers seeing the matter in relation to the named goods or services would be less likely to believe that it indicates source in any one party. … Facts based on events that occurred subsequent to the filing date of the application may be considered. Whether acquired distinctiveness has been established is determined in view of the facts that exist at the time registrability is being considered."

25.     When Lovely Skin asserted its claim of acquired distinctiveness based on five years' exclusive use of the marks, it was never required to substantiate this claim of acquired distinctiveness.

26.     Given the extremely descriptive nature of the terms LOVELY SKIN, Lovely Skin should have been required to substantiate their claim; and if it had been required to do so, it would not have been able to support its claim standard of substantially exclusive use to enable registration on the Principal Register of the mark LOVELY SKIN (Stylized) in Registration No. 2,998,098.  As a result, that mark would not have registered, and Lovely Skin would not have been able to claim acquired distinctiveness in its subsequent application for LOVELYSKIN.COM based on ownership of Registration No. 2,998,098.

27. Upon information and belief, Lovely Skin is unable to show acquired distinctiveness in LOVELY SKIN now as it does not have substantially exclusive use of these terms as a mark and cannot show that it has acquired distinctiveness in these terms.

28. Because the mark LOVELY SKIN (Stylized) is primarily merely descriptive, and because Lovely Skin did not make a sufficient showing that the mark had acquired distinctiveness at the time of registration or as of 2005 when Ishtar first used the LivelySkin.com name, the Lovely Skin registrations should be cancelled.

29. Upon information and belief, there is no evidence to suggest that, in the minds of consumers, LOVELY SKIN refers to a single source of skin care products and services.

30. Because the marks are primarily merely descriptive, and because Lovely Skin has no evidence to show that they have acquired secondary meaning to date or as of 2005 when Ishtar first began using the name "livelyskin.com," Lovely Skin's registrations should be cancelled.

31. By virtue of Lovely Skin's claims in the lawsuit, Ishtar has been damaged and will continue to be damaged by the above registration.

32. For the above reasons, the above-registration should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119.

**COUNT II**
**For Cancellation of U.S. Reg. No. 3253791 (for LovelySkin.com)**

33. Ishtar incorporates and realleges Paragraphs 1 through 32 above as if fully set out herein.

34. Registrant owns Registration No. 2327469 for the mark LOVELYSKIN.COM on the Supplemental Register covering "dermatologic and cosmetic dermatology services" in International Class 42, which was registered on March 7, 2000.

35. On August 18, 2006, Registrant filed an application to register the mark LOVELYSKIN.COM on the Principal Register for "online ordering services in the field of dermatology and skin care products, namely eye creams, face creams, skin moisturizers, facial and body lotions, skin cleansers and toners, facial rinses and antioxidant creams" in International Class 35, and "dermatologic and cosmetic dermatology skin treatment services" in International Class 44. On January 16, 2007, the examining attorney issued an examiner's amendment claiming acquired distinctiveness under Section 2(f) of the Trademark Act based on Registrant's ownership of Registration No. 2998098 for "the same mark for related goods or services." This application eventually matured to registration under Registration No. 3253791 on June 19, 2007.

36. Marks registered on the Supplemental Register, or on the Principal Register under a claim of Section 2(f) acquired distinctiveness, are descriptive. Therefore, Registration Nos. 2327469 LOVELYSKIN.COM and 3253791 for LOVELYSKIN.COM are considered descriptive and the fact that the latter registration was registered on the Principal Register under a claim of acquired distinctiveness is a concession by Lovely Skin that the mark is not inherently distinctive.

37. The mere descriptiveness of the above-marks is clear considering that the two words that comprise Lovely Skin's marks are used to describe the general category of goods and services that Lovely Skin offers. Specifically, the Merriam-Webster Online Dictionary defines "LOVELY" as "delightful for beauty, harmony, or grace: ATTRACTIVE." Attached as Exhibit A is a true and correct copy of this dictionary listing.

38. The Merriam-Webster Online Dictionary also defines "SKIN" as "the external limiting tissue layer of an animal's body, *especially*: the 2-layer covering of a vertebrate body

11

consisting of an outer dermis and an inner dermis." Attached as Exhibit B is a true and correct copy of this dictionary listing.

39. LOVELYSKIN.COM is primarily merely descriptive of the goods and services offered by Lovely Skin, namely, goods and services designed to provide the customer with a means of obtaining lovely or attractive skin. The addition of the top level domain ".com" does not change the meaning of "Lovely Skin" into one that is not descriptive.

40. The basis for Lovely Skin's Registration No. 3,253,791 for LOVELYSKIN.COM on the Principal Register was a claim of ownership in Registration No. 2,998,098.

41. Upon information and belief, Lovely Skin did not have substantially exclusive use of the highly descriptive terms LOVELY SKIN in commerce for five years prior to its claim of acquired distinctiveness in Registration No. 2998098.

42. When Lovely Skin asserted its claim of acquired distinctiveness based on five years' exclusive use of the marks, it was never required to substantiate this claim of acquired distinctiveness.

43. Given the extremely descriptive nature of the terms LOVELY SKIN, Lovely Skin should have been required to substantiate their claim; and if it had been required to do so, it would not have been able to support its claim standard of substantially exclusive use to enable registration on the Principal Register of the mark LOVELY SKIN (Stylized) in Registration No. 2,998,098. As a result, that mark would not have registered, and Lovely Skin would not have been able to claim acquired distinctiveness in its subsequent application for LOVELYSKIN.COM based on ownership of Registration No. 2998098.

44. Upon information and belief, Lovely Skin is unable to show acquired distinctiveness in LOVELYSKIN.COM now either, as it does not have substantially exclusive

use of these terms as a mark and cannot show that it has acquired distinctiveness in these terms such that.

45. Because the mark LOVELYSKIN.COM is primarily merely descriptive, and because Lovely Skin did not make a sufficient showing that the mark had acquired distinctiveness at the time of registration or as of 2005 when Ishtar first used the LivelySkin.com name, the Lovely Skin registrations should be cancelled.

46. Because the marks are primarily merely descriptive, and because Lovely Skin has no evidence to show that they have acquired secondary meaning to date or as of 2005 when Ishtar first began using the name "livelyskin.com," Lovely Skin's registrations should be cancelled.

47. By virtue of Lovely Skin's claims in the lawsuit, Ishtar has been damaged and will continue to be damaged by the above registration.

48. For the above reasons, the above-registration should be canceled pursuant to 15 U.S.C. §§ 1064 and 1119.

## PRAYER FOR RELIEF

Wherefore, Ishtar prays for the following:

A. A judgment and order dismissing the Complaint with prejudice.

B. A judgment and order sustaining Counterclaim Counts I and II, and ordering cancellation of those registrations.

C. An award of Ishtar's costs and fees, and such further relief as this Court deems just and proper.

Dated this 24th day of November, 2010.

        ISHTAR SKIN CARE PRODUCTS, LLC,
        Defendant


By:  *s/ John P. Passarelli*
    John P. Passarelli #16018
    KUTAK ROCK LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, NE 68102-2186
    (402) 346-6000
    john.passarelli@kutakrock.com

    and

    Bobby A. Ghajar (*pro hac vice*)
    HOWREY LLP
    550 South Hope Street, Suite 1100
    Los Angeles, CA 90071-2627
    (213) 892-1800
    ghajarb@howrey.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2010 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which sent notification of such electronic filing to the following:

*Counsel for Plaintiffs*

| | |
|---|---|
| Benjamin M. Belmont<br>bbelmont@bcplaw.com | Jessica E. Finkle<br>jfinkle@bcplaw.com |
| Bruce H. Brodkey<br>bbrodkey@bcplaw.com | |

        s/ *John P. Passarelli*