```
             IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

LOVELY SKIN, INC.,              )
                                )
            Plaintiff,          )         8:10CV87
                                )
     v.                         )
                                )
ISHTAR SKIN CARE PRODUCTS,      )         MEMORANDUM AND ORDER
LLC.,                           )
                                )
            Defendant.          )
_____)
```

This matter is before the Court on the motion of defendant Ishtar Skin Products, LLC ("Ishtar") to compel plaintiff Lovely Skin, Inc. ("Lovely Skin") to comply with various discovery requests (Filing No. 83, with accompanying brief, Filing Nos. 84 and 85).  Lovely Skin has filed a brief in opposition to the motion (Filing Nos. 87 and 88), to which Ishtar has replied (Filing Nos. 101 and 102).

During a telephonic conference on December 5, 2011, the parties' counsel advised the Court that the only remaining issue to be resolved regarding this motion to compel is that involving "keyword" advertisements on Internet search engines; thus the Court will address only this issue in its order.  The Court finds that the motion to compel, regarding keyword advertisements on Internet search engines, should be granted.

**I.   Federal Rules of Civil Procedure 26(b) and 37(a).**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v.*

*Taylor*, 329 U.S. 495, 507 (1947). Federal Rule of Civil Procedure 26(b) allows for broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevance during discovery is not measured by the Federal Rules of Evidence: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance is to be broadly construed for discovery issues and encompasses "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

However, the proponent of discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court . . . ." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

In the event of noncompliance with a discovery request for relevant information, Rule 37(a) provides, "[A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**II. Motion to Compel.**

In this case, Lovely Skin alleges, among other things, that Ishtar has infringed on its trademark "LovelySkin" and its servicemark "LovelySkin.com" by operating a website "bearing the name LivelySkin.com" (Complaint, Filing No. 1, at 1-2). Ishtar has asserted several affirmative defenses and counterclaims (Filing No. 41). Ishtar now requests that this Court grant a motion to compel Lovely Skin "to fully respond to Requests for Production of Documents No. 32 and 37" (Filing No. 83, at 2), which read as follows:

> REQUEST NO. 32:
>
> All documents referring or relating to purchasing of keywords, "Ad Words," "sponsored links," or other advertisements for search engines and any efforts to achieve search prominence on search engines, including but not limited to Your purchase, or consideration to purchase, the name "Lively Skin" or the URL www.livelyskin.com.
>
> REQUEST NO. 37:
>
> Documents referring or relating to communications with Google to purchase "lively skin" and "livelyskin.com" as keywords or "Adwords."

(Ex. 2, Filing No. 85, at 3-4). Ishtar has documented with the Court that it has satisfied the discovery motion "meet and confer" requirement of Rule 37(a) and local rule 7.0.1 (Filing No. 84, at 7).

Lovely Skin asserts that "with all reasonable effort, [it] has complied" with Ishtar's requests (Filing No. 87, at 2). First, with regard to the search engine "BING," Lovely Skin claims that it "provided account statements from Microsoft adCenter Keywords from January 2010 to present which lists each adword campaign and the amount spent for each campaign" (Filing No. 87, at 2).

Second, with regard to the search engine Google, Lovely Skin claims that it provided to Ishtar "information as to which adword was purchased, the number of clicks generated from the adword, the average cost per click, as well as the cost for each adword . . . . [and] the total amount spent for the purchase of adwords on Google" (*Id.*) In addition, Lovely Skin claims that it provided Ishtar "information indicating the time period Plaintiff purchased the adword Lively Skin, the number of clicks generated from the purchase of the adword and the cost . . ." (*Id.* at 3).

Third, with regard to the search engine Yahoo, Lovely Skin claims that it "has been unable to retrieve documents from Yahoo that specifically indicate which adwords were purchased despite its efforts to obtain this information," but Lovely Skin

-4-

did provide billing statements regarding its Yahoo advertising (*Id.* at 2-3).

In support of its motion to compel, Ishtar states that Lovely Skin's production of documents in response to these requests are "deficient for two reasons" (Filing No. 101, at 1). First, the Google information lacks the dates that the keywords were used, which are necessary to establish "(1) whether Lovely Skin's marks had achieved secondary meaning when Ishtar entered the market; and (2) the extent of Lovely Skin's inequitable use of the term "livelyskin" in its keyword advertising campaigns" (*Id.* at 2). Second, Ishtar claims that as a result of its recent Internet searches, Ishtar has learned that "Lovely Skin possesses additional information regarding keyword purchases made by Lovely Skin through other search engines" (*Id.*).

The Court finds that the information sought by Ishtar is relevant to its affirmative defenses of the claims made against it by Lovely Skin. The Court will grant the motion to compel as to Requests for Production of Documents Nos. 32 and 37. Lovely Skin shall comply with this order by December 16, 2011.

**III.  Attorney Fees and Costs.**

Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion [to compel] is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require

-5-

> the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if . . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified . . . .

Fed. R. Civ. P. 37(a)(5)(A).  Although Lovely Skin failed to provide adequate discovery responses, which, in turn, caused Ishtar to file this motion to compel, the Court finds that Lovely Skin's objections were "substantially justified" under the circumstances.  Thus, the Court will not award attorney fees and costs.  Accordingly,

   IT IS ORDERED:

   1) Ishtar's motion to compel (Filing No. 83) is granted to the extent stated in this Memorandum and Order;

   2) Lovely Skin shall have until December 16, 2011, to substantively respond to Requests for Production of Documents Nos. 32 and 37;

   3) At Lovely Skin's discretion, any information filed with the Court as responses to Requests for Production of Documents Nos. 32 and 37 shall be filed under seal; and

4) No attorney fees and costs are awarded.

DATED this 6th day of December, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court